**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTON BROWN, LATAYA EDWARDS, | ) |
| MICHAEL JOHNSON, DAMIAN MOORE, | ) |
| TIFFANY CRAWFORD, and JOE RICE, | ) |
| a minor by his mother YVETTE MOORE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE CITY OF CHICAGO, VLADIMIR M. | ) |
| VLCANSKY, DANIEL A. BORA, DAVID M. | ) |
| RODRIGUEZ, MICHAEL J. MULLIGAN and | ) |
| as yet UNIDENTIFIED POLICE OFFICERS, | ) |
| | ) |
| Defendants. | ) |

**FILED**

MAY 1 9 2004

Judge Robert W. Gettleman
United States District Court

No. 98 C 7949

The Honorable Robert W. Gettleman

DOCKETED
MAY 2 1 2004

**DEFENDANTS VLADIMIR VLCANSKY, DANIEL BORA, DAVID RODRIGUEZ,**
**AND MICHAEL MULLIGAN'S MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

**PREFATORY REMARKS**

Plaintiffs' Fourth Amended Complaint (hereinafter "Complaint") alleges that the City of

Chicago (hereinafter "the City") and individual Defendants Vladimir Vlcansky, Daniel Bora,

David Rodriguez and Michael Mulligan are responsible for injuries Plaintiffs received when

Defendant police officers fired on the vehicle in which they were passengers on June 14, 1998.

Plaintiffs allege various constitutional and state law claims arising from the incident that began at

the corner of Roosevelt Road and Springfield Ave. in Chicago, Illinois, and continued one block

away near the intersection of Roosevelt Road and Pulaski Ave.

Count I seeks recovery under Section 1983 against the City of Chicago for various alleged

unconstitutional policies and practices which Plaintiffs claim were a proximate cause of the

Defendants' acts. The City has filed a separate motion for summary judgment on Count I. Count

209

II alleges that Defendants violated Plaintiffs' constitutional rights by using excessive force against them. Count II also alleges that Defendants failed to intervene in other officers' use of excessive force. Count III alleges a claim for a violation of Plaintiffs' Fourteenth Amendment rights to equal protection. Count IV alleges claims of conspiracy under Section 1983 and Section 1985(3). Counts V and VI allege state law claims against all defendants for battery and intentional infliction of emotional distress, respectively. Count VII alleges a claim against the City of Chicago under a *respondeat superior* theory, whereas Count VIII alleges a claim that the City is liable under the state law indemnification statute, 735 ILCS 10/9-102, for any tort judgment for compensatory damages.

All Defendant officers have moved for summary judgment with respect to Count III to the extent that it alleges a claim for equal protection under Section 1983. In addition, all Defendant officers move for summary judgment as to Plaintiffs' conspiracy claims under Count IV. All Defendants further move for summary judgment with respect to Plaintiffs' failure to intervene claim concerning the officers' alleged use of deadly force under Count II. Finally, Defendant Mulligan moves for summary judgment on the state law claim for battery under Count V. This memorandum of law is submitted in support of Defendants' motion.

## STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(b). Only disputes over facts that might affect the outcome of the suit can preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether such facts exist, a court is to draw inferences from the record in the light most favorable to the non-moving

party. *Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir. 1991). Nevertheless, a court is not required to draw every conceivable inference; it should draw only reasonable inferences. *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir. 1987). Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359, 1363 (7th Cir. 1988).

In this case the undisputed facts show that Plaintiffs have failed to adduce evidence sufficient to create a material issue of fact as to whether Defendants' use of force was racially motivated. Furthermore, Plaintiffs have failed to provide any evidence of a conspiracy to so violate their constitutional rights. In addition, no question of fact exists on whether any Defendant failed to intervene in any officers' alleged use of deadly force.

This Court should therefore grant Defendants' motion for partial summary judgment, leaving the following claims for trial: (1) the excessive force claim in Count II against Defendants Vlcansky, Bora and Rodriguez; (2) a failure to intervene claim in Count II against all Defendants regarding another officer's use of mace; (3) a failure to intervene claim in Count II against Defendants Bora and Rodriguez regarding alleged acts of excessive force which took place at Roosevelt and Pulaski after the shooting; (4) the battery claim in Count V against Defendants Vlcansky, Bora, and Rodriguez, and (5) the intentional infliction of emotional distress claim in Count VI against all Defendants.

## ARGUMENT

**A.     SUMMARY JUDGMENT SHOULD BE GRANTED ON COUNT III
(EQUAL PROTECTION) BECAUSE PLAINTIFFS HAVE NOT
SUBMITTED EVIDENCE THAT DEFENDANTS' USE OF FORCE
WAS RACIALLY MOTIVATED**

Plaintiffs are unable to meet the requirements necessary to sustain a claim under Section

1983 based upon a violation of the equal protection clause of the Fourteenth Amendment. To

state an equal protection claim under Section 1983, a plaintiff must show disparate treatment of

similarly situated persons for improper reasons. *Gray v. Lacke*, 885 F.2d 399, 414 (7th Cir.

1989).   Specifically, as the equal protection clause protects against class-based discrimination

(*see, e.g., Indiana State Teachers Ass'n v. Board of School Com'rs of the City of Indianapolis*,

101 F.3d 1179, 1181 (7th Cir. 1996)), a plaintiff must show that he was treated differently

because he belonged to a protected class and that such treatment resulted from the defendant's

intention to discriminate against that class. *Hodges v. Public Building Comm'n of Chicago*, 864

F. Supp. 1493, 1501 (N.D. Ill. 1994). In other words, to prevail on a claim under the equal

protection clause a plaintiff must prove that the actions of the defendant had a discriminatory

effect and were motivated by a discriminatory purpose. *Chavez v. Illinois State Police*, 251 F.3d

612, 635-636 (7th Cir. 2001); *Avalos v. City of Glenwood*, 269 F.Supp.2d 1091, 1116 (S.D.Iowa,

2003).

The Supreme Court has held in similar cases "when the claim is selective enforcement of

the traffic laws or a racially motivated arrest, the plaintiff must normally prove that similarly

situated individuals were not stopped or arrested in order to show the requisite discriminatory

effect and purpose." *See United States v. Armstrong*, 517 U.S. 456, 465 (1996).

4

Plaintiffs are unable to meet their burden of demonstrating that they were treated differently than others similarly situated to Plaintiffs. Plaintiffs have only alleged in conclusory fashion that they are African Americans, and that the Defendants committed the alleged unconstitutional conduct against them solely because of their race.

However, there is no evidence in the record to support Plaintiffs' claim that they were shot by Defendants Vlcansky, Bora, and Rodriguez because of their race. To the contrary, none of the Plaintiffs or other occupants of the vehicle have identified any of the three officers who discharged their weapons as having made any racially derogatory comments. (*See* Statement of Facts, paras. 13-20.) Simply stated, the record does not provide any evidence that Plaintiffs were treated differently *because* of their race or that they were discriminated against on the basis of their race. A discriminatory purpose "implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of' . . . its adverse effects upon an identifiable group." *Chavez* at 645 (citations omitted). In this case, there is no testimony or other evidence, such as the use of racial slurs or other similar comments from Vlcansky, Bora, and Rodriguez, that could serve as indicia of a discriminatory intent. *Chavez* at 646 (racially derogatory language is strong evidence of racial animus).

The fact that Defendant Mulligan is alleged to have made certain racial slurs does not preclude summary judgment on Count III. First, Plaintiffs do not allege, nor does the evidence support, any allegation that Mulligan fired at the vehicle containing Plaintiffs, or gave any order for the other Defendant officers to fire upon the vehicle for any reason, let alone one caused by a discriminatory animus toward its occupants. No evidence further exists that the Defendants who discharged their weapons acquiesced in or adopted Mulligan's comments and thereafter fired at

5

the vehicle as a direct and proximate result of Mulligan's alleged comments. To the contrary, Plaintiffs allege Defendants shot them after the vehicle driven by Horne brushed by Sgt. Mulligan and Mulligan appeared to fall. (Statement of Facts, paras. 24-25.) Plaintiffs have submitted no evidence that Defendants would have withheld fire if Plaintiffs were not African Americans. Because Plaintiffs cannot meet their burden with regard to their equal protection claim, it is appropriate to grant summary judgment to all Defendants on Count III.

## B. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS TO PLAINTIFFS' CONSPIRACY CLAIMS UNDER COUNT IV

### 1. Section 1983 Conspiracy Claim

Plaintiffs' conspiracy claim is against all Defendants. (*See* Complaint, Count IV.) While Defendants do not dispute at this stage of the proceedings that Plaintiffs have adequately established a question of fact that their constitutional rights were violated with regard to the use of lethal force under Count II, they have nonetheless failed to establish that the Defendants conspired together with an intent to achieve such a goal. Instead, the evidence does not support Plaintiffs' bald conclusions of a conspiracy and is insufficient to overcome summary judgment.

To establish a conspiracy under Section 1983, a plaintiff must show that Defendants reached an understanding to violate Plaintiffs' constitutional rights, and that they were willful participants in joint activity. *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). While proof of a conspiracy may be circumstantial, evidence that is merely speculative or conclusory cannot stave off summary judgment. *Williams, Id.*

6

Plaintiffs allege that Defendants have covered up for the misdeeds of each other and other unidentified Chicago Police Officers. The failure to report such conduct, if true, would constitute a violation of the Police Board's rules and regulations, and departmental general orders. However, such conduct, while regrettable and unprofessional, does not support a cause of action under the Civil Rights Act. The Seventh Circuit has held that there is no general constitutional or federal "right to truth." *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995). Claims of concealment of information do not support a cause of action under the Civil Rights Act unless a person was prevented from seeking redress in the courts as a result of the misconduct. *Id. See also Gibson v. City of Chicago*, 910 F.2d 1510, 1523-24 (7th Cir. 1990).

In this case, Plaintiffs suffered no such injury from any alleged conspiracy. With regard to any alleged constitutional violation which occurred at the intersection of Roosevelt Road and Springfield Ave., Plaintiffs were able to identify and sue all three officers who shot at the vehicle. In addition, Plaintiffs Crawford, Moore and Johnson have identified Officer Peter Kontil as the officer who allegedly maced their vehicle. (Statement of Facts, para. 22.) Accordingly, under the authorities cited above, Defendants did not deny Plaintiffs access to the courts and summary judgment should be entered in their favor with regard to any alleged conspiracy concerning acts which occurred at Roosevelt Road and Springfield Ave.

Moreover, all Defendants are entitled to summary judgment concerning any alleged conspiracy to cover up wrongdoing after Lance Horne's vehicle crashed west of Pulaski Ave. on Roosevelt Road. (Statement of Facts, paras. 33-35.) Initially, Plaintiffs concede in their Fourth Amended Complaint that Defendants Mulligan and Vlcansky are not alleged to have failed to intervene in the misconduct of unidentified officers after the car crashed. (Statement of Facts,

7

para. 34.) Mulligan and Vlcansky are thus entitled to summary judgment with regard to Plaintiffs' conspiracy claims concerning the events post-vehicular crash for this reason.

With regard to the conspiracy claims against Defendants Bora and Rodriguez concerning any acts of other officers which allegedly took place after Horne's vehicle crashed west of Pulaski, said Defendants again cannot be shown to have prevented Plaintiffs from seeking redress in the courts as a result of the alleged misconduct. Plaintiffs have failed to establish that either Bora or Rodriguez prevented Plaintiffs from discovering the alleged offenders during discovery. Plaintiffs themselves allegedly witnessed improper conduct and have testified in discovery as to alleged acts once Horne's vehicle crashed. (Statement of Facts, para. 33.) It thus cannot be said that Bora and Rodriguez conspired to cover-up wrongdoing which was itself witnessed by Plaintiffs. Under these circumstances, Bora and Rodriguez are likewise entitled to summary judgment on Plaintiffs' Section 1983 conspiracy claim.

### 2.     Section 1985(3) Conspiracy Claim

A successful Section 1985(3) claim requires the plaintiff to establish "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Rodgers v. Lincoln Towing Company*, 771 F.2d 194,202-03 (7th Cir. 1985), citing to *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798 (1971). This requirement of class-based invidiously discriminatory animus has been narrowly construed, to prevent Section 1985 from being converted into a "general federal tort law." *Id.*

A plaintiff raising a claim under Section 1985(3) must allege: (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or

8

a deprivation of a right or privilege granted to U.S. citizens. *Green v. Benden*, 281 F.3d 661,665 (7th Cir. 2002); *Majeske v. Fraternal Order of Police Local Lodge No. 7*, 94 F.3d 307, 311 (7th Cir. 1996). *See also Kyle v. Morton High School*, 144 F. 3d 448, 457 (7th Cir. 1998) (the purpose of the [Section 1985] conspiracy must be to deprive a person or class of equal protection of the laws, through either race or other class-based animus); *Hassain v. City of Chicago*, 1999 WL 89612 at 4 (N.D. Ill. 1999). In order to establish the existence of a conspiracy, Plaintiffs must demonstrate that the conspirators had an agreement to inflict injury or harm upon Plaintiffs. *Hernandez v. Joliet Police Department*, 197 F.3d 256,263 (7th Cir. 1999). As more fully set forth above, Plaintiffs have failed to establish that Defendants were involved in a conspiracy or that any Defendant violated their constitutional right to equal protection. Summary judgment on Plaintiffs' Section 1985(3) claim should be granted on this basis alone.

In addition, Plaintiffs' sole evidence of alleged racial animus is premised on the allegation against Defendant Mulligan alone, that he used racially derogative language toward the Plaintiffs shortly before the shooting. (Statement of Facts, paras. 12-20.) Initially, the comments Mulligan allegedly directed at Plaintiffs fail to support any constitutional cause of action. It is well established that mere verbal abuse, while unprofessional, regrettable and demeaning, does not, of itself, support a cause of action under the Civil Rights Act. *See Daniels v. Southfort*, 6 F.3d 482, 484 (7th Cir. 1993); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987).

Moreover, Plaintiffs have failed to establish that Defendants Vlcansky, Bora or Rodriguez held a similar class-based discriminatory animus against them at the time of the complained of events. Indeed, Plaintiffs have failed to identify any of the three remaining Defendants who made any such comments toward them, or evidence to suggest that they

9

expressly acquiesced in or adopted Sgt. Mulligan's alleged improper use of language as their

own. At most, Plaintiffs' evidence suggests that these Defendants were standing in the same

general area as Sgt. Mulligan when the alleged comments were made in the moments before the

officers shot at the vehicle. No evidence suggests that Sgt. Mulligan's alleged comments were

the impetus for the subsequent shooting at the vehicle by the other Defendants. Plaintiffs'

Section 1985(3) conspiracy claim must therefore fail for this additional basis.

> ### 3. Alternatively, Plaintiffs' Conspiracy Claim is Barred Pursuant to 735 Ill. Comp. Stat. 5/2-615 Because All of the Individual Defendants Were Chicago Police Officers

Plaintiffs' conspiracy claim is also foreclosed by the intra-corporate conspiracy doctrine.

Under this doctrine, an agreement among two or more employees of a single corporation who

meet in the regular course of their jobs is not a conspiracy. *See Doe v. Board of Education of*

*Hononegah Comm. H.S.*, 833 F. Supp. 1366, 1381 (N.D. Ill. 1993); *Cook v. Dedore*, 1999 WL

259955 (N.D. Ill. 1999)(intra-corporate conspiracy doctrine barred claims that Chicago police

officers conspired to falsely arrest and maliciously prosecute a plaintiff). This principle that there

cannot be a conspiracy within a corporation has been extended by courts to governmental

entities. *Travis v. Gary Community Health Center, Inc.*, 921 F.2d 108, 110-11 (7th Cir.

1990)(applying the intra-corporate conspiracy doctrine to Section 1985 conspiracy claims); *Hull*

*v. Cuyahoga Valley Bd. of Educ.*, 926 F.2d 505, 509-10 (6th Cir. 1991)(holding that employees

of a public school board are members of the "same collective entity" and therefore not separate

"persons" who may form a conspiracy). Indeed, employees of the same corporation,

governmental or otherwise, are presumed to be one person because each is functioning as a

representative of the same entity. *Travis*, 921 F.2d at 110-11.

In this case, it is undisputed that the four individual Defendants were all officials of the same governmental entity, the City of Chicago Police Department. Plaintiffs' allegations are that the four Defendants were all involved in a conspiracy as part of the same governmental "team" and had the same alleged goal to violate Plaintiffs' constitutional rights. Thus, the intra-corporate conspiracy doctrine requires the dismissal of Count IV. *See also Wright v. Illinois Department of Children & Family Services*, 40 F.3d 1492, 1507-08 (7th Cir. 1994); *Doe*, 833 F. Supp. at 1382; *Cromley v. Board of Ed. of Township High School Dist. 205*, 699 F. Supp. 1283, 1291-92 (N.D. Ill. 1988); *Buschi v. Kirven*, 75 F.2d 1240 (4th Cir. 1985).

## C. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' FAILURE TO INTERVENE CLAIMS IN COUNT II WITH RESPECT TO THE USE OF LETHAL FORCE ON THE VEHICLE

Personal involvement is an essential precondition to liability under Section 1983. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). Only persons who "caused or participated in" a particular incident or caused the alleged constitutional deprivation may be held liable. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). "Without a showing of <u>direct</u> responsibility for the improper action, liability will not lie . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary." *Id.* (emphasis added).

In order for an officer to be held liable under Section 1983 for inaction in the use of excessive force, the plaintiff must show that (1) excessive force was being used, and (2) the officer had a realistic opportunity to intervene to prevent the harm from occurring. *Smith v. Daniels*, 2003 WL 1717635 * 7 (N.D.Ill. 2003), citing *Byrd v. Birshke*, 466 F.2d 6,11 (7th Cir. 1972).

11

The circumstances in the instant matter suggest that none of the Defendants had a reasonable opportunity to intervene to prevent the others from discharging their weapons. The uncontroverted descriptions of the amount of time it took for the three Defendant officers to discharge their weapons precludes a question of fact that either Sgt. Mulligan or the other Defendants were able to reasonably prevent the shooting from occurring. The Defendant shooters' testimony establishes that the shots each fired toward the vehicle took place in less than a few seconds without prior warning. (Statement of Facts, paras. 28-31.) Under such circumstances, no reasonable trier of fact can find that any Defendant could have prevented any of the other officers from firing at the vehicle.[1]

### D. DEFENDANT MULLIGAN IS IMMUNE FROM LIABILITY ON PLAINTIFFS' STATE LAW BATTERY CLAIM IN COUNT V

Section 10/2-204 of the Illinois Tort Immunity Act states "a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person." As such, Defendant Mulligan is entitled to summary judgment on Plaintiffs' state law battery claim in Count V. No evidence suggests that Mulligan performed or otherwise caused an act of battery upon any Plaintiff. Mulligan is thus immune for any alleged acts or omissions of the three Defendant officers who discharged their weapons, as well as the alleged act of a non-defendant officer whom Plaintiffs have testified sprayed mace at them, pursuant to Section 10/2-204 of the Tort Immunity Act.

---

[1] Defendants concede that for purposes of summary judgment, a factual question exists on whether Defendants could have intervened in preventing the alleged use of pepper spray on the vehicle occupants before the shooting began, and on whether Defendants Bora and Rodriguez could have intervened in stopping the alleged use of excessive force on Plaintiffs Crawford, Brown, and Rice after Horne's vehicle crashed near Roosevelt and Pulaski.

WHEREFORE, Defendants respectfully pray that this Honorable Court grant their motion for partial summary judgment.

_____

JOHN J. TIMBO, One of the Attorneys for the Defendants

JAMES G. SOTOS
JOHN J. TIMBO
HERVAS, SOTOS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774

13